UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA CARDENAS SALVAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 20-05217-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 11, 2020, Rosa Cardenas Salvas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on October 9, 2020. (Dkt. 15.) On December 18, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this action remanded for further proceedings in accordance with this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiff is a 57 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 24, 2016, alleging disability beginning February 26, 2015. (AR 21.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 26, 2015, the amended alleged onset date.[1] (AR 24.)

Plaintiff's claims were denied initially on February 9, 2017, and on reconsideration on May 18, 2017. (AR 21.) Plaintiff filed a timely request for hearing on June 21, 2017. (AR 21.) On May 20, 2019, Administrative Law Judge ("ALJ") Barry Robinson held a video hearing from Dallas, Texas. (AR 21.) Plaintiff appeared and testified via telephone in Los Angeles with the assistance of a Spanish interpreter and was represented by counsel. (AR 21.) Vocational expert ("VE") Stephanie Malone also appeared at the hearing via telephone. (AR 21.)

The ALJ issued an unfavorable decision on July 9, 2019. (AR 21-29.) The Appeals Council denied review on May 1, 2020. (AR 1-8.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] At the hearing on May 20, 2019, the Claimant amended her alleged onset date to February 26, 2015, due to the decision of an Administrative Law Judge in a previous claim, which adjudicated the period ending February 25, 2015. (AR 22.) The ALJ references the presumption of continuing nondisability (AR 22), but neither the Commissioner nor the Plaintiff addresses or discusses the issue in the Joint Statement. The Court, therefore, will not address it either.

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 26, 2015, the amended alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: degenerative disc disease of the spine with arthritis. (AR 25.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.)

The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) with the following limitations:

> Claimant can frequently climb ladders but never climb ropes or scaffolds. She can frequently stoop, kneel, and crawl; and occasionally balance.

(AR 25-28.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 26.)

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a cleaner, housekeeping, and hotel clerk. (AR 28.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 28-29.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ's rejection of Plaintiff's subjective symptom allegations is not supported by substantial evidence. The ALJ's RFC is not supported by substantial evidence.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341,

346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

Plaintiff Rosa Cardenas Salvas testified that she has back pain which radiates to her right and left legs as well as her left arm and shoulder. (AR 26.) She also claimed she has difficulty bending, carrying and lifting due to her back pain. (AR 26.) The ALJ did find that Plaintiff has the medically determinable severe impairments of degenerative disc disease of the spine with arthritis. (AR 25.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range medium work RFC. (AR 25-26.) The ALJ determined Plaintiff could perform her past relevant work as a cleaner, housekeeping and hotel clerk. (AR 28.) Consequently, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of February 26, 2015 through the date of the ALJ decision on July 9, 2019. (AR 28-29.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 26.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 26.) Because the ALJ did not make any finding of malingering, he

was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ failed to do so.

First, the ALJ found that Plaintiff's subjective allegations were inconsistent with the objective medical evidence. (AR 26-28.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) Plaintiff's lumbar spine had reduced range of motion and tenderness to palpation on exam. (AR 26, 27.) She had limited right hip flexion due to lumbar spine pain, and had a positive straight leg test. (AR 26.) Her other exams, however, showed she had normal sensation, 5/5 motor strength, and normal reflexes. (AR 26, 27.) She consistently had a normal gait without the use of an assistive device. (AR 27.) Medical imaging showed Plaintiff had mild disc desiccation. (AR 27.) On some physical examinations, she had full range of motion with no tenderness, spasm, or pain. (AR 27.) On examination she was able to squat, toe walk, and heel walk. (AR 27.) The examiner further noted that Plaintiff had full strength and full range of motion in her bilateral and lower extremities. (AR 27.) Two State agency medical consultants assessed Plaintiff with medium work RFCs. (AR 27.) The ALJ found these assessments consistent with the diagnostic testing showing only mild degenerative changes. (AR 27.) A consulting orthopedist, Dr. Richard Pollis, opined that Plaintiff could perform light work. (AR 27.) The ALJ found this opinion consistent with the evidence of record showing grossly normal musculoskeletal exam findings. (AR 27.) The RFC difference is immaterial because the ALJ found Plaintiff's past relevant work was light. (AR 28.) Plaintiff does not contest the ALJ's summary of the medical evidence.[2]

---

[2] Also in the medical evidence of record is the opinion of Dr. Rebecca Berlin that Plaintiff could perform only sedentary work with additional exertional, postural, and absenteeism limitations.(AR 28.) The ALJ gave little weight to this opinion because it was inconsistent with the medical evidence of record and too reliant on Plaintiff's subjective report of symptoms. Plaintiff does not challenge the ALJ's rejection of Dr. Berlin's opinion.

7

Second, the ALJ noted that, despite alleging an inability to work beginning February 2015, Plaintiff worked in 2016. (AR 24, 263.) The work did not rise to disqualifying work at step one but nonetheless showed that Plaintiff was capable of more work activity than she alleged for that time period. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (claimant testimony discounted because worked as a caregiver and sought out other employment). Plaintiff attempts to dismiss this evidence because the discussion occurred with respect to the step 2 finding and not in the context of an evaluation of Plaintiff's testimony. (JS 16.) The Ninth Circuit, however, does not require that evidence be discussed in any particular section of the ALJ decision. Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir. 2001); see also Kruchek v. Barnhart, 125 F. App'x 825, 827 (9th Cir. 2005) (adequately analyzed evidence elsewhere in decision); Harris v. Astrue, 2009 WL 801347, at *7 (N.D. Cal. Mar. 25, 2009) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion; "Lewis does not require that support for the ALJ's conclusions be placed in a specific section of the report"). Nonetheless, the work occurred only in 2016 and it did not rise to substantial gainful activity. (AR 24.) This factor has no applicability to the remainder of the period in issue (2017-2019) and cannot constitute a clear and convincing reason for rejecting Plaintiff's subjective symptoms for that latter period.

Third, the ALJ found that Plaintiff's activities of daily living were inconsistent with her subjective symptom allegations (AR 26, 27, 28), which is a legitimate consideration in evaluating those allegations. Bunnell, 947 F.2d at 345-46. Here, Plaintiff testified that she can sit for six hours in an eight hour workday and can stand and walk for about 15 minutes at a time. (AR 27.) Although Plaintiff reported difficulties with walking, bending, standing, and stair climbing, the ALJ found she could perform some cooking and cleaning despite her pain and could carry small objects within her home. (AR 27, 26.) These minimal activities, however, are not sufficient to constitute substantial evidence to support the ALJ's rejection of Plaintiff's subjective symptom pain testimony. Indeed, every claimant would be found to have engaged in daily activities inconsistent with disability if evidence this weak were all that was required. The Court recognizes that it is the ALJ's responsibility to resolve conflicts in the evidence and

8

ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, however, the ALJ's assessment of the record is not reasonable. The ALJ's third reason for discounting Plaintiff's subjective symptom allegations does not constitute a clear and convincing reason for doing so.

Consequently, the ALJ failed to present clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective symptoms. The Commissioner only has inconsistency with the medical evidence as a valid, clear, and convincing reason for discounting Plaintiff's subjective symptom allegations. That is not sufficient. Burch, 400 F.3d at 680-81.

\* \* \*

The ALJ's RFC is not supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is not supported by substantial evidence or free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: February 10, 2021              */s/ John E. McDermott*
                                       JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE